# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JOLENE WALDRON, as the Personal
Representative of the Estate of Anthony
R. Ybarra, Jr. a minor**

       **Plaintiff,**

**v.**                                      **Case No: 5:16-cv-658-Oc-32PRL**

**GREGORY SPICHER and BILLY
WOODS**

       **Defendants.**

---

# ORDER

Before the Court is a Motion for a More Definite Statement filed by Defendant Billy Woods, the Sheriff of Marion County, in his official capacity (Doc. 17), to which Plaintiff has responded (Doc. 22). As discussed below, the motion is due to be denied.

## I. BACKGROUND

Plaintiff, in her amended complaint (which is the operative pleading), alleges on behalf of her son's estate that his death resulted from the Marion County Sheriff's Office's actions, specifically the actions of Deputy Gregory Spicher. (Doc. 9). As alleged, after her son's attempted suicide, Deputy Spicher failed to provide medical treatment, prevented bystanders from continuing to administer life-saving care, and hindered medical professionals' treatment of the child, who died around one week later. (Doc. 9 at ¶¶ 15–27).

Plaintiff brings two counts against Deputy Spicher, one for medical indifference and one for wrongful death, and one count against Sheriff Woods for wrongful death. (Doc. 9). The wrongful death claim against Sheriff Woods is brought under Florida law. Plaintiff, who is

acting as the personal representative here, brings these claims on behalf of herself, the decedent's mother, and on behalf of the decedent's father, brother, sister, and estate (all of whom are identified by name). (Doc. 9 at ¶ 8). As the estate's personal representative, Plaintiff seeks over seventy-five thousand dollars in damages, damages that include loss of support and services, mental pain and suffering, medical and funeral expenses, loss of benefits and inheritance, and loss of consortium. (Doc. 9 at ¶¶ 41, 50).

Sheriff Woods, instead of answering the count against him, filed the instant motion. (Doc. 17). He asserts that the complaint is vague and ambiguous and that he is unable to respond. (Doc. 17 at 3). Plaintiff, in her response, asserts that Sheriff Woods's motion should be denied not only because he failed to comply with Local Rule 3.01(g) but also because her complaint satisfies the applicable Federal Rule of Civil Procedure. (Doc. 22 at 1–3).

## II. LEGAL STANDARD

Federal Rule 8(a)(2)–(3) requires that a pleading stating a claim for relief include "a short and plain statement . . . showing that the pleader is entitled to relief; and . . . a demand for the relief sought." Additionally, Federal Rule 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Federal Rule 12(e) requires the movant to "point out the defects complained of and the details desired" in the complaint.

That being said, "the Federal Rules of Civil Procedure do not permit district courts to impose upon the plaintiffs the burden to plead with the greatest specificity they can." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). Thus, such a motion will be denied if the complaint "gives the defendants fair notice of the nature and basis of the claims as

well as a general indication of the type of litigation involved." *Decker v. Cty.*, No. 5:15-CV-24-OC-30PRL, 2015 WL 12844302, at *3 (M.D. Fla. May 19, 2015).

## III. DISCUSSION

Sheriff Woods argues that the complaint fails under Rule 8 as it does not identify each individual beneficiary's claims or their specific request for damages. (Doc. 17 at. 3). Under Florida law, a wrongful death action "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages . . . caused by the injury resulting in death." Fla. Stat. § 768.20. Section 768.21 of Florida's Wrongful Death Statute subsequently sets forth the damages recoverable by each surviving beneficiary, including what the decedent's personal representative may recover on their behalf. *Dugas v. 3M Company*, No. 3:14-cv-1096-J-39JBT, 2016 WL 2744822, at *2 (M.D. Fla. May 10, 2016). Section 768.21, however, "only requires that a plaintiff plead the identity of" potential beneficiaries (and the decedent's estate) and their relationship to the decedent in the complaint. *Id.*

The complaint at issue clearly names the decedent's beneficiaries and states their relationship to him in paragraph eight (e.g., the mother, father, brother, sister, and estate). (Doc. 9 at ¶ 8). And its "Damages" section is preceded by language indicative that all previous paragraphs (including ¶ 8) shall be "incorporate[d] . . . by reference" into this plea. (Doc 9 at ¶ 49). Further, in the Damages section, Plaintiff again denotes her status as personal representative and makes a general plea for damages in that capacity, along with stating the types of damages sought. (Doc. 9 at ¶ 50).

Thus the complaint clearly identifies the beneficiaries and their relationships to the decedent and clearly re-alleges that list in its plea for damages. (Doc. 9 at ¶¶ 8, 49–50). Under

Florida's Wrongful Death Statute, this mere identification of the beneficiaries and their relationships to the decedent is sufficient. *See* Fla. Stat. § 768.21; *Dugas*, 2016 WL 2744822, at *2 (holding that the beneficiaries' names and relationships to the decedent were sufficient to satisfy § 768.21 for pleading purposes, even if additional information would help a defendant argue the case, when the defendants argued that the complaint deficiently failed to allege the age and dependency status of the decedent's survivors).

Lastly, to the extent that Sheriff Woods argues that the complaint generally lacks the required specificity under Rule 8, I submit that Plaintiff's complaint details the facts giving rise to her claims specifically enough to satisfy that threshold. Plaintiff adequately identified the factual and legal bases for each claim as well as the relief sought for each, so Sheriff Woods's claim that Plaintiff did not abide by Rule 8 does is unpersuasive.[1] Though the Sheriff may appreciate more specificity regarding the actual damages being requested, he should be able to respond to the count against him. *See Dugas*, 2016 WL 2744822, at *2–3 (finding that a pleading of the identity and relationships of the beneficiaries is sufficient under § 768.21).

### IV. CONCLUSION

Accordingly, and upon due consideration, the motion (Doc. 17) for a more definite statement is **DENIED**.[2] Defendant Sheriff Billy Woods, in his official capacity, may answer the complaint or otherwise respond **on or before August 14, 2017**. *See* Fed. R. Civ. P. 12(a)(4)(A).

---

[1] For example, paragraphs two through five of Sheriff Woods's motion makes clear that he understands the underlying facts of this case, who the alleged beneficiaries are and their purported relationships to the decedent, and the type of damages alleged. And to the extent the Sheriff argues that Plaintiff fails to state a claim under Rule 12(b)(6), the court will address that argument on an appropriate motion, if submitted.

[2] It appears that Sheriff Woods failed to comply with Local Rule 3.01(g) in filing the instant motion (Doc. 22 at 1–2); this failure is also sufficient grounds to deny the motion.

**DONE** and **ORDERED** in Ocala, Florida on July 31, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties